# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,           :         Case No. 3:07-po-253

   -vs-                               Chief Magistrate Judge Michael R. Merz

                                :

ALICIA L. WASHABAUGH,

       Defendant.

---

## DECISION AND ORDER

---

This case is before the Court on Defendant's Motion to Suppress (Doc. No. 8). The parties have stipulated (Doc. No. 12) that Defendant was stopped by the WPAFB security police at a location within the Prairies at Wright Field, a housing area on the base which is not gated and is therefore open to the general public without passing through a military checkpoint.

Ms. Washabaugh was stopped because she was talking on a hand held cellphone while she was driving.  Driving while using a handheld cellphone, while not a violation of Ohio law, has been prohibited by the Base Commander at WPAFB.

Defendant does not contest the Base Commander's authority to adopt such a regulation, but asserts that that authority was not validly exercised here because there was no conspicuous posting of the regulation as required by the enabling statute, 40 U.S.C. § 1315(c)(1).  It has been stipulated that compliant postings have been made inside the gated portions of the Base, but the Defendant, being neither a military nor a civilian employee at WPAFB, would have had no occasion to see those postings.

Plainly, it would be unconstitutional to punish Defendant for violating the handheld

1

cellphone regulation.  Ms. Washabaugh cites to the Supreme Court's vagueness decision in *Grayned v. City of Rockford,* 408 U.S. 104 (1972) for the proposition that laws must "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Id*. at 108.  If vague laws are unconstitutional, *a fortiori* secret laws violate very basic considerations of due process.[1]

The critical question on the Motion to Suppress, however, is whether a regulation of which the motorist has no possibility of knowledge can provide the traffic officer with sufficient cause to make a stop.  The government does not seek to punish Ms. Washabaugh for violating a regulation unknown to her.  Rather, it relies on the arresting officer's knowledge of the regulation to justify the stop.

In *United States v. McDonald*, 453 F.3d 958 (7th Cir. 2006), the defendant was stopped when he used his turn signal when the road he was traveling on made a 90-degree bend and changed names.  The arresting officer believed that no turn signal was necessary under those circumstances and that the use of one constituted an "improper use of turn signal."[2]  The court held that a "mistake of law, no matter how reasonable or understandable," cannot "provide the objectively reasonable grounds for providing reasonable suspicion or probable cause. . . .A stop based on a subjective belief that a law has been broken, when no violation actually occurred, is not objectively reasonable." *Id*. at 962.  The Seventh Circuit noted that several other Circuits had reached the same conclusion, citing *United States v. Miller*, 146 F.3d 274, 278 (5th Cir. 1998); *United States v. Lopez-Soto,* 205

---

[1]As Lon Fuller emphasizes in THE MORALITY OF THE LAW, secret laws are not only wrong, they are completely ineffective in carrying out the purpose of the law: to subject human behavior to the governance of rules.  One simply cannot obey a rule of which one has no knowledge.

[2]The case report indicates the officer had been following defendant for some time because he had a tip that black male driving a similarly described vehicle had drugs and a firearm.  One suspects the defendant "overused" his turn signal because he observed he was being followed.

F.3d 1101, 1106 (9th Cir. 2000); *United States v. Tibbetts,* 396 F.3d 1132, 1138 (10th Cir. 2005); *United States v. Chanthasouxat,* 342 F.3d 1271, 1279 (11th Cir. 2003), but that the Eighth Circuit had decided to the contrary, citing *United States v. Martin*, 411 F.3d 998, 1001 (8th Cir. 2005). The Sixth Circuit has not decided this question.

In *Lopez-Valdez*, *supra,* the court noted that to allow traffic stops based on the subjective good faith belief of the arresting officers that the conduct observed violated the law would create "boundless" potential for pretextual stops and impose excessive costs on privacy rights. That certainly seems correct, but does not require adopting the rule in *McDonald* or *Lopez-Valdez.* In *Martin, supra*, the Eighth Circuit did not adopt a limitless subjective good faith rule. Instead, it held that a mistake of either fact or law by the arresting officer had to be objectively reasonable in order to justify the stop. This Court believes that is the correct standard. A purely objective standard – under which the stop is invalid and the evidence suppressed if a judge later disagrees with the officer's interpretation of the law – injects too much hindsight into the process. There is no good reason to require a traffic officer to have guessed correctly in advance whether a judge will later find the officer's interpretation to have been correct, at least when we are trying to regulate what is done with evidence discovered as a result of the stop, rather than the primary conduct of the purported offender. It is enough to require the officer's interpretation to have been objectively reasonable.

In this case, the officer's interpretation was not objectively reasonable. The enabling statute plainly requires posting and the absence of posting was or should have been more evident to the patrolling police officer than to any other person. In fact, we do not even know in this case, because the matter is not addressed in the Stipulation of Facts, whether the officer even subjectively believed the regulation was valid without posting.

Because the stop was objectively unreasonable, the fruits of the stop, which include identification of Ms. Washabaugh and attendant discovery of the status of her license, are

SUPPRESSED.  The United States shall advise the Court not later than January 28, 2008, whether

it is able to proceed without the suppressed evidence.  In the absence of notice that the Government

can and intends to so proceed, the Court will dismiss the case.

January 21, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge
